BERANEK, Judge.
Defendant appeals from a final judgment after nonjury trial. Appellant was a general agent of appellee, Hartford Life & Accident Company. Appellant received cash advances on future commissions from Hartford which eventually sued to recover these advances. The trial court entered judgment for $3,987.49 in favor of Hartford, and the former agent appeals asserting an absence of personal liability. Appellant’s position is based upon the rationale of Tannen v. Equitable Life Insurance Company of Washington, D. C., 303 So.2d 352 (Fla. 3d DCA 1974). We find the facts of the instant case clearly distinguishable from those present in Tannen and affirm the final judgment herein.
Appellant here had a general agency agreement with Hartford and a separate and additional agreement providing for an “Accelerated Commission Payment Plan.” The general agency agreement provided for limited advance commissions. The accelerated plan provided for much greater benefits to the general agent and was explicit that such commissions constituted an indebtedness due from the general agent to the company. The accelerated plan also provided that “on termination of this agreement, all outstanding advances shall become due and repayable.” We find the language of the accelerated plan agreement clearly sufficient to impose personal liability. This language is distinguishable from that quoted in the Tannen case.
. In addition, in the instant case, after the appellee demanded repayment of the advance monies from appellant a further agreement was entered into whereby appellant agreed to “work off” the balance due. In the trial court, the appellant asserted this subsequent agreement to be in the nature of a novation of the initial contract. Appellant asserted that appellee’s rights under the earlier contract were thus unenforceable. The trial court found against *1133 the appellant on this point as a factual matter and since conflicting evidence was presented on the matter, we affirm the trial court in this regard. The final judgment below is hereby AFFIRMED.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.